[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15293
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cr-00044-RWS-JCF-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMUEL J. CRUMP,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 6, 2015)

Before TJOFLAT, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Samuel Crump was convicted of possession of a biological toxin for use as a weapon, in violation of 18 U.S.C. §§ 175(a) and 2.  He appeals his conviction, raising one issue: whether his conviction is invalid because § 175(a) failed to provide him with fair notice that the conduct in which he engaged was prohibited. As the Supreme Court stated in *United States v. Wilson*, 553 U.S. 285, 304, 128 S. Ct. 1830, 1845, 170 L. Ed. 2d 650 (2008), "[a] conviction fails to comport with due process if the statute under which it is obtained fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement."  *Id.* at 304, 128 S. Ct. at 1845.  Crump argues that a person of ordinary intelligence would not know that possessing a castor bean in its naturally occurring state—in which it contains ricin, a biological toxin—is illegal under § 175(a).

Section 175(a) provides:

> Whoever knowingly develops, produces, stockpiles, transfers, acquires, retains, or possesses any biological agent, toxin, or delivery system *for use as a weapon*, . . . or attempts, threatens, or conspires to do the same, shall be fined under this title or imprisoned for life or any term of years, or both.

18 U.S.C. § 175(a) (emphasis added).  Section 175(b) provides:

> Whoever knowingly possesses any biological agent, toxin, or delivery system of a type or in a quantity that, under the circumstances, is not reasonably justified by a prophylactic, protective, bona fide research, or other peaceful purpose, shall be fined under this title, imprisoned not more than 10 years, or both.  *In this subsection*, the terms "biological agent" and "toxin" do not encompass any biological agent

or toxin that is in its naturally occurring environment, if the biological agent or toxin has not been cultivated, collected, or otherwise extracted from its natural source.

*Id.* § 175(b) (emphasis added). Section 175(c) defines the phrase "for use as a weapon" as including "the development, production, transfer, acquisition, retention, or possession of any biological agent, toxin, or delivery system for other than prophylactic, protective, bona fide research, or other peaceful purposes." *Id.*

Section 178 of Title 18 contains definitions for several of the terms in § 175, including "biological agent" and "toxin." *Id.* § 178. "'[B]iological agent' means any microorganism . . . or infectious substance, . . . capable of causing . . . death, disease, or other biological malfunction in a human . . . ." *Id.* § 178(1). "'[T]oxin' means the toxic material or product of plants, animals, miocroorganisms . . . , or infection substances, . . . and includes . . . any poisonous substance . . . produced by a living organism . . . ." *Id.* § 178(2).

Section 175(a) is not vague as applied to Crump. *See United States v. Wayerski*, 624 F.3d 1342, 1347 (11th Cir. 2010) ("Where, as in this case, a vagueness challenge does not involve the First Amendment, the analysis must be as applied to the facts of the case."). The statute provides a person of ordinary intelligence with fair warning that possessing castor beans, while knowing how to extract ricin, a biological toxin, from the beans, and intending to use the ricin as a weapon to kill people, is prohibited. *See United States v. Lebowitz*, 676 F.3d 1000,

1012 (11th Cir. 2010) (per curiam).  Though § 175(b) excludes from liability the possession of "any biological agent or toxin" that "has not been cultivated, collected, or otherwise extracted from its natural source," this exclusion explicitly applies only to subsection (b).  It does not apply to § 175(a), under which Crump was prosecuted, and which requires the additional showing that the defendant "knowingly . . . possess [the] biological agent [or] toxin . . . *for use as a weapon*."  18 U.S.C. § 175(a) (emphasis added).  Crump's conduct clearly transgressed 18 U.S.C. § 175(a).  Thus, his complaint of vagueness is unavailing, *see United States v. McGarity*, 669 F.3d 1218, 1234 (11th Cir. 2012), and his conviction is,

AFFIRMED.